ROBAINA & KRESIN PLLC
One E. Camelback Road, Suite 710
Phoenix, Arizona 85012
Telephone: (602) 682-6450
Facsimile: (602) 682-6455
dck@robainalaw.com
David C. Kresin (019858)
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Luis E. Martinez;<br>Rafael M. Martinez, Jr., | No. |
| Plaintiffs, | |
| vs. | **COMPLAINT** |
| Ehrenberg Fire District, | |
| Defendant. | |

Plaintiffs Luis E. Martinez ("Luis") and Rafael M. Martinez, Jr. ("Rafael Jr.") for their Complaint alleges as follows:

1.     Luis at all relevant times was a resident of La Paz County, Arizona and worked in La Paz County, Arizona.

2.     Rafael Jr. at all relevant times worked in La Paz County, Arizona.

3.     Defendant Ehrenberg Fire District ("the District") is a statutory fire district doing business in La Paz County, Arizona.

4.     The events giving rise to these causes of action occurred in La Paz County, Arizona.

5.     This Court has personal jurisdiction over the Defendant and venue is proper in this Court.

6.     From approximately January 2011 to November 4, 2013, the District employed Rafael as a fire fighter.

7.     From approximately February 2012 to November 8, 2013, the District employed Luis as a fire fighter.

8.      The District compensated Plaintiffs for their work as fire fighters by paying them $50 for each 24-hour shift spent on call and $10 per hour for actual time spent in response to a call.

9.      During their 24-hour call shifts, the District required Plaintiffs to be prepared to respond promptly to the call and to be mentally and physically prepared to respond to any potential type of emergency.

10.     After a call out for a fire in October 2012 that lasted sixteen (16) hours, the District did not pay Plaintiffs for all of the time they spent responding to the call and the compensation they received for the call and the pay period was less than the minimum wage under state and federal law.

11.     Luis attended the September 18, 2013 District Board meeting, provided a written complaint, and orally complained to the District's Board of Directors about the District's failure to pay Plaintiffs for the October 2012 fire.

12.     At the September 2013 meeting, the District's Board indicated that it would look into the issue.  At that meeting, the Board also replaced the Fire Chief, hiring Erick Felix as the new Fire Chief.

13.     When neither the Board nor the Fire Chief responded to the September complaint, both Plaintiffs attended the October 23, 2013 District Board meeting and expressed their objection and complaint that the District had failed to pay Plaintiffs for the time they spent in response to the October 2012 fire.

14.     In the days following the October 23, 2013 Board meeting, witnesses heard Chief Felix make comments regarding his desire to "get rid" of Luis and Rafael Jr.

15.     When the November 2013 call schedule was issued, neither Luis nor Rafael Jr. had received any shifts.

16.     On November 4, 2013, Chief Felix met with Rafael and gave him two separate memos.  In one memo, Chief Felix notified Rafael that he had concluded that Rafael should not be paid for the October 2012 fire.  In the other memo, Chief Felix notified Rafael that he was terminated from his position with the District effective

immediately and that his final check would be held until Rafael returned all issued items.

17.     On November 8, 2013, Chief Felix met with Luis and gave him two separate memos identical in almost all respects to the memos given to Rafael.  In one memo, Chief Felix notified Luis that he had concluded that Luis should not be paid for the October 2012 fire.  In the other memo, Chief Felix notified Luis that he was terminated from his position with the District effective immediately and that his final check would be held until Luis returned all issued items.

18.     Throughout his employment, Plaintiffs performed at least at a satisfactory level, diligently and competently serving the District.  Neither Luis nor Rafael Jr. ever received any discipline, formal correction, or prior warnings regarding their performance.

19.     At the time of the termination, neither Chief Felix nor anyone else at the District gave Luis or Rafael Jr. any legitimate reason why their employment was being terminated.

20.     At approximately the same time that the District terminated Plaintiffs' employment with the District, the District and its representatives also sought injunctions against Plaintiffs based on false information and successfully obtained injunctions against Plaintiffs that prohibit them from among other things attending the public meetings of the District Board or otherwise going on the District premises.

21.     The District has never paid Plaintiffs their final paychecks.

## Count One (Minimum Wage Violations under the Arizona Minimum Wage Act)

22.     Plaintiff incorporates herein all previous allegations in this Complaint.

23.     At all relevant times, Plaintiffs were employees under the Arizona Minimum Wage Act, A.R.S. § 23-363 *et seq.*

24.     At all relevant times, the District was Plaintiffs' employer employing Plaintiffs under the Arizona Minimum Wage Act, A.R.S. § 23-363 *et seq.*

25.    The District failed to pay Plaintiffs the applicable minimum wage for all hours worked, as required by A.R.S. § 23-363 and implementing regulations.

26.    Defendant's conduct described above was willful.

27.    Pursuant to A.R.S. § 23-364, Plaintiffs are entitled to recover the balance of the wages owed, including interest thereon, and an additional amount equal to twice the underpaid wages.

28.    Plaintiffs also are entitled to recover their attorneys' fees and costs incurred herein pursuant to A.R.S. § 23-364.

**Count Two (Minimum Wage Violations
under the Fair Labor Standards Act)**

29.    Plaintiffs incorporate herein all previous allegations in this Complaint.

30.    At all relevant times, Defendant was an employer covered under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

31.    At all relevant times, Plaintiffs were employees covered under the FLSA.

32.    Defendant failed to pay Plaintiffs the applicable minimum wage for all hours worked in violation of the FLSA.

33.    Defendant's conduct described above was willful.

34.    Plaintiffs are entitled to recover their unpaid minimum wages due and an equal amount as liquidated damages.

35.    Plaintiffs are entitled to recover their attorneys' fees incurred herein pursuant to 29 U.S.C. § 216.

**Count Three (Overtime Violations
under the Fair Labor Standards Act)**

36.    Plaintiffs incorporate herein all previous allegations in this Complaint.

37.    At all relevant times, Defendant was an employer covered under the FLSA.

38.    At all relevant times, Plaintiffs were employees covered under the FLSA.

39.     Defendant failed to pay Plaintiffs overtime compensation for all work weeks in which Plaintiffs worked in excess of forty (40) hours, in violation of the FLSA.

40.     Defendant's conduct described above was willful.

41.     Plaintiffs are entitled to recover their unpaid overtime compensation and an equal amount as liquidated damages.

42.     Plaintiffs are entitled to recover their attorneys' fees incurred herein pursuant to 29 U.S.C. § 216.

**Count Four (Retaliation
under the Arizona Minimum Wage Act)**

43.     Plaintiffs incorporate herein all previous allegations in this Complaint.

44.     At all relevant times, Plaintiffs were employees under A.R.S. § 23-363 *et seq.*

45.     At all relevant times, Defendant was Plaintiffs' employer under A.R.S. § 23-363 *et seq.*

46.     Defendant violated A.R.S. § 23-364 by terminating Plaintiffs' employment and/or obtaining an injunction against Plaintiffs in retaliation for asserting their claim or right under the Arizona Minimum Wage Act, for assisting any other person in doing so, and/or for informing any person about their rights.

47.     As a direct result of Defendant's conduct described above, Plaintiffs have suffered emotional distress, reputational harm, lost income in the form of past, present and future wages and benefits, and other monetary and non-monetary benefits due them.

48.     As a direct result of Defendant's conduct described above, Plaintiffs are entitled to recover damages sufficient to compensate the employee for the harm suffered and deter future violations, but not less than one hundred fifty dollars for each day that the violation continued or until legal judgment is final.

49.     Plaintiffs also are entitled to recover their attorneys' fees and costs incurred herein pursuant to A.R.S. § 23-364.

### Count Five (Retaliation
### under the Fair Labor Standards Act)

50.    Plaintiffs incorporate herein all previous allegations in this Complaint.

51.    At all relevant times, Defendant was an employer covered under the FLSA.

52.    At all relevant times, Plaintiffs were covered employees under the FLSA.

53.    Defendant terminated Plaintiffs' employment because they engaged in protected activity by reporting violations of the FLSA, as set forth above.

54.    Defendant's conduct described above was willful.

55.    As a direct result of Defendant's conduct described above, Plaintiffs have suffered emotional distress, reputational harm, lost income in the form of past, present and future wages and benefits, and other monetary and non-monetary benefits due them.

56.    As a direct result of Defendant's conduct described above, Plaintiffs seek recovery of damages in an amount to be proven at trial including damages for economic loss and compensatory damages for pain and suffering, emotional distress, harm to reputation and other losses.

57.    Plaintiffs' claims arise under the FLSA, and Plaintiffs are therefore entitled to recover their attorneys' fees incurred herein pursuant to 29 U.S.C. §216.

58.    Plaintiffs demand a jury trial on all issues triable to a jury.

WHEREFORE, Luis E. Martinez and Rafael M. Martinez, Jr. pray for judgment against Defendant as follows:

A.    For an award of unpaid minimum wages in an amount to be proven at trial;

B.    For an award of unpaid overtime compensation, in an amount to be proven at trial;

C.    For an award of the greater of statutory damages under A.R.S. § 23-364(G) or compensatory damages for lost back wage, lost front wages, other economic losses, pain and suffering, emotional distress, harm to

1    reputation and other losses incurred by Plaintiffs as a result of Defendant's

2    conduct;

3    D.    For an award of liquidated damages;

4    E.    For an award of attorneys' fees and related expenses;

5    F.    For an award of prejudgment and post-judgment interest;

6    G.    For an award of Plaintiff's costs of suit incurred herein; and,

7    H.    For an award of such other relief as the Court may deem just and proper.

8    DATED this 17th day of February, 2014.

9                                    ROBAINA & KRESIN PLLC

10

11                                   By /s/ David C. Kresin

12                                      David C. Kresin
                                        Attorneys for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28