**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Luis E. Martinez, et al., | No. CV-14-00299-PHX-DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| Ehrenberg Fire District, | |
| Defendant. | |

On June 8, 2015, the Court entered an order granting Plaintiffs' motion for summary judgment and denying Defendant's motion for summary judgment, finding that Plaintiffs were employees – not volunteers – within the meaning of the Fair Labor Standards Act and the Arizona Minimum Wage Act.  Doc. 53 at 11.  Defendant has filed a motion for reconsideration, arguing that the Court erred in not applying the "20% guideline" set forth in Department of Labor ("DOL") Opinion Letters.  Doc. 55.

The 20% guideline articulated by the DOL "suggests that receipt of pay less than 20% of what a fulltime employee would receive for the same service is indicative of volunteer status."  Doc. 53 at 8.  Relying on Opinion Letter FLSA2005-51, the Court found that the guideline did not apply because it "assumes that the compensation in question is not based on hours worked," and Plaintiffs' pay was in part based on hours worked.  *Id.* at 8-9.

Defendant's motion notes that two other DOL Opinion Letters apply the 20% guideline to situations where pay can fluctuate depending on the number of shifts worked

by firefighters and the number of hours spent on call during shifts.  Doc. 55 at 3-5.  The Court read these Opinion Letters when considering the summary judgment motions.  The Court found significant that both letters were addressing compensation based on a "per call" basis, a form of compensation specifically identified in the Code of Federal Regulations as appropriate for firefighters.  *See* 29 C.F.R. § 553.106(e).  As the Court noted in its order, DOL Opinion Letters also make clear that per-hour compensation is viewed as being tied to productivity and inconsistent with volunteer status.  Doc. 53 at 6-7.  The Court therefore found continuing meaning in the language of Opinion Letter FLSA2005-51 – the original source of the 20% guideline – suggesting that the guideline does not apply when compensation is based on "hours worked."  Opinion Letter FLSA2005-51 at 2.  The Court continues to hold this view.

What is more, the 20% guideline is only a factor to be considered – it is not dispositive.  The Court made clear that the 20% guideline would not have changed the outcome even if it was applied:  "Given the other factors identified in this order, the Court would find that Plaintiffs are not volunteers even if the 20% guideline applied and Plaintiffs fell below it."  Doc. 53 at 9 n.3.  Defendant does not challenge the other grounds upon which the Court's decision rested.

**IT IS ORDERED** that the motion for reconsideration (Doc. 55) is **denied**.

Dated this 26th day of June, 2015.

_____
David G. Campbell
United States District Judge